This is a suit for the recovery of damages to plaintiff's automobile alleged to have resulted from a collision with a Ford pick-up truck owned and operated by one Leo C. Evans, defendant's assured. After trial there was judgment in favor of plaintiff in the sum of $320.53, which was the stipulated cost of repairs to plaintiff's automobile, from which judgment defendant has appealed.
The accident occurred about 7:30 or 8:00 o'clock on the evening of February 6, 1948, on Highway 71, a few miles north of Shreveport. At the time plaintiff was driving his Buick automobile south on the highway in a light, misting rain, at a speed of approximately 50 miles per hour, and was rapidly overtaking the Evans truck, which plaintiff at the time believed to be moving very slowly in the same direction or stopped on the righthand side of the road. The evidence developed on trial showed that at the time Evans was actually backing his truck along the road. Plaintiff testified that he sounded his horn at a distance of about 150 feet from the Evans truck and turned over to the left side of the road for the purpose of engaging in a passing maneuver, slowing down to a speed of some 35 miles per hour, and that when he was within about 35 or 40 feet of the truck he saw the left door of the truck open and the figure of a man begin, as he thought, to emerge therefrom. Feeling that a continuance of his passing movement would result in a serious accident to the man who appeared to be preparing to step out of the truck, plaintiff turned back to the right of the road and applied his brakes, which, however, did not take effect in time to prevent his car from crashing into the rear of the truck.
The testimony developed the fact that Evans, the driver of the truck, after turning into the highway from a road leading to his home and beginning his trip south in the direction of Shreveport, decided to retrace his route a short distance for the purpose of placing a lantern on an automobile belonging to a friend which had broken down and been left parked on the side of the highway. In the attempt to accomplish this purpose Evans was backing his truck slowly along the highway and, perceiving the approach of plaintiff's automobile, he opened the truck door to look back then closed the door to wait for plaintiff's car to pass, at which time his truck was struck from the rear.
For the most part there is no serious conflict as to the facts above related. The only point of difference appears to be with respect to the distance between the cars at the time Evans opened the door of his truck.
The District Judge found that Evans' action in opening the door of the truck at the time and under the circumstances was *Page 817 
an act of negligence and was the sole and proximate cause of the collision. With this finding we are in complete agreement.
It is strenuously argued on behalf of defendant that the accident was due to plaintiff's negligence and that, in the alternative, plaintiff was guilty of contributory negligence, precluding recovery, in driving at a reckless and excessive speed; failing to maintain a proper lookout; failing to have his car under control, and in failing to observe the Evans' truck, and, finally, in recklessly driving his automobile into the truck. We do not find that any of the charges of contributory negligence are sustained by the record in this case, nor do we find that any negligence on the part of plaintiff has been established. While it is quite true, as matters developed, that plaintiff could have safely continued his passing movement, this does not exonerate defendant's assured from his own negligence in the respect above noted. Plaintiff's error in assuming that a person was preparing to step out of the truck was certainly the result of a natural conclusion, and his action in applying his brakes and turning back into the rear of the truck can be characterized as nothing worse than an error of judgment, to which there can be no imputation of negligence.
This case involves solely questions of fact, and, finding no manifest error in the conclusions of the learned Judge of the District Court, it follows that the judgment appealed from must be affirmed, and, accordingly, it is so ordered, at appellant's cost.
 *Page 84